appreciates your willingness to accept the assignment in this case under the Criminal Justice Act, and you may proceed. Thank you, Your Honor. May it please the Court, counsel, my name is Bradford Colbert and I represent the appellant in this matter, Alexander Faulkner. We raised two issues in our brief this morning. I'm going to focus on the occasion issue, that is, whether Mr. Faulkner's armed criminal career enhancement was harmless error when the sentencing judge found, by a preponderance of the evidence, that the prior offenses were committed on occasions different from one another. These cases arise from the context of the compassionate release statute. The general issue here is whether there are extraordinary and compelling reasons to justify release. The more specific issue is whether Mr. Faulkner is serving an unusually long sentence, and more specifically, even than that, is whether there's a gross disparity between the sentence that Mr. Faulkner is serving and the sentence that he would have received had he been sentenced now. Mr. Faulkner was convicted in 2014 of being a felon in possession of a firearm. Under the guidelines, the presumptive sentence was 51 months. But instead of receiving 51 months because he was sentenced pursuant to the Armed Career Criminal Act, he received a sentence of 280 months, 20 years longer. The Armed Career Criminal Act enables the Court to sentence a person to a longer sentence if there are three violent felonies. Two of Mr. Faulkner's predicate offenses are at issue on this appeal. Both were charged in the same Federal indictment. One alleged a conspiracy to distribute cocaine between Chicago and Minnesota. The other alleged possession with intent to distribute cocaine based on cocaine seized in Minnesota during that same period. The allegations involved the same participants as those of Mr. Faulkner. I hope at some point you're going to get the sled. Your Honor, I will get there right now, Your Honor. I read it as almost controlling. I think it's You just throw it away. Well, I think it actually is controlling and it supports our case completely. That what the case says, what Judge Strass said there is, are drug conspiracies and possessions always committed on occasions different from one another? And that makes it a factual question. And that's what Judge Strass said repeatedly in sled. That said, this is a factual determination. And Judge Strass pointed out that it had been previously that this Court and other courts had done it incorrectly because the Court That doesn't get your client any help on his fifth motion for compassionate release. Well, it does, Your Honor, because what the issue is, he was clearly denied his constitutional right under the Fifth and Sixth Amendment to have the jury determine whether these were separate occasions beyond a reasonable doubt. Thanks to a change in the law. Pardon me? Thanks to a change in the law. The law, the Supreme Court changed the law. Right. Right. And so he, but he was, but he was, the sentencing court found by a preponderance of the evidence that the occasions were on separate. That's, so he was denied his constitutional right. Were separate or were not separate? The Court found that they were separate. And so they were two different occasions. That's a fact that should have been proven to a jury beyond a reasonable doubt. And so what sled, and, and what sled says It's 2015. Right. So what sled says is this is a factual determination. And so what the issue here is whether this could be harmless error. That's the issue in this case. Well, okay. It could be a, it could be a defense to your argument, but it's not the only, it's not the only hurdle you have to overcome. That's correct. It's the idea of Procedural history is dead against you here. I, I, I'm, in what sense, Your Honor? Well, if, if this was, if this was a timely collateral attack or even a, a habeas attack, it's a motion for compassionate release. That's correct, Your Honor. But the issue is whether it's a The district court said it's not, this is not sufficiently compelling and whatever the The court, but the court said he was not eligible. And so that's the first issue. And it's a good question. And so the question is whether he's eligible. And because there's a gross disparity I understand your point about eligibility. But didn't she go on then and say, even if I were to consider him as eligible, I would deny it because I think any reasonable jury would have found these That's correct. That's what, so she Want us to review that? That's exactly what we're reviewing, Your Honor. That's exactly right. What was wrong with that conclusion? Well, because it's a, because, first of all, because she applied, again, the issue of, and that's why I think SLED goes to, this is a jury determination. And if you look at this Can a district court ever take an issue away from a jury? No, Your Honor. They cannot. That you have an absolute right to have a determination, and that's what Erlinger says. Beyond a reasonable doubt. Proof beyond a reasonable doubt. The trial court can't say Well, in civil cases, you're wrong. Absolutely, Your Honor. But this is a criminal case. And this was, Erlinger says quite clearly. And I think the Erlinger doesn't apply retroactively, right? We don't know that, Your Honor. We don't know that, Your Honor. Well, this Court has said so, right? Well, it didn't specifically go to the issue of the burden of proof. And that's what's a really important difference. The question is whether it's submitted to a jury. That probably doesn't. But the burden of proof in Sullivan v. Louisiana says quite clearly that any time the wrong burden of proof is applied, harmless error cannot be applied. And that was where the jury Now you're arguing structural error. But is that your point? It's structural error? Erlinger is a structural? It's Sullivan v. Our Court's already held it can be ruled harmless error. Not where there's – I respectfully disagree, Your Honor. In our brief, we cite several cases from this Court that talks where the burden of proof is erroneously applied. It cannot be harmless error. Simply – and that's what Louise Sullivan The burden of proof or the standard of proof? The standard of proof, Your Honor. I'm sorry. So Sullivan v. Louisiana involved a jury instruction that misspoke regarding the burden of proof. And Justice Scalia said this cannot be harmless error. Specifically, directly to that. And that's why this is different. Because she – the Court did not apply the correct standard. The District Court said, by a preponderance of the evidence, that these occurred on separate occasions. But it's also important to note that even if you apply this harmless error, it cannot be in this case. Because you have a conspiracy where there are allegations included in the distribution. The time frame is the same. So it included that. And so you have one occasion, which would be the conspiracy, and within that occasion, you have the distribution. So they actually weren't on separate occasions. And that's certainly what a jury could find. That's what a jury could determine, that in fact, these did occur on the same occasion. It would be as though We're not going to have a jury trial now. That's correct, Your Honor. That's right. But what you have to look at is what the District Court did. And again, the District Court found, by a preponderance of the evidence, using the wrong standard of proof, that these occurred on separate occasions. You mean preponderance is the wrong standard of proof? That's absolutely true. That's – Erlinger says it has to be proven beyond a reasonable doubt. And that did not occur in this case. But the District Court ended up concluding that any reasonable jury would have found beyond a reasonable doubt that there were separate occasions. And what's the error there? That's just – it's my point exactly. And that's what SLED says. It's not possible that a jury – if a jury heard this evidence and heard the idea that you have this occasion of the conspiracy and within that occasion, you have the distribution, the distribution was – that was part of the conspiracy. It's if I gave a dinner party. The dinner party is the occasion. The entree is not a separate occasion. The dessert is not a separate occasion. It's within the context of the conspiracy. So a rational jury certainly could conclude that they occurred on the same occasion. That's what SLED – that's why SLED is important because SLED says this is a jury issue. Before, courts would say, well, it's similar to Willoughby, therefore it's this way. Or it's dissimilar to Mellaby, and that's why it's this way. SLED says this is a jury issue. Juries can determine occasions. And there is – there is just no way that you can conclude that no rational jury would say these occurred on the same occasion. Again, because the conspiracy included the distribution. The distribution was an integral part of the conspiracy. Thank you. But SLED says even so, we can affirm if the error was harmless. That was part of the holding. Which case, Your Honor? SLED. SLED. Well, interestingly, in kind of – I agree. But again, they didn't discuss – in that case, the Court did not discuss the burden of proof. Also, interestingly, if you look at SLED, SLED says, we've reviewed this issue de novo. Which, quite frankly, doesn't make sense. Because this is now – it's a factual determination. But SLED was the same situation, wasn't it? No. And you had a conspiracy that had been going for two years, and the Court said any reasonable jury would have found that they were separate occasions. And the same thing is true here, as I understand it. The conspiracy started in 93, and the possession of intent was in February of 95. Why isn't it right? Again, I go back to the – Part 3 of SLED, not part 2. In this case, the distribution was a part of the conspiracy. In this case – Was that not true in SLED? Quite frankly, I don't – I can't quite recall exactly what it was. But, again, I point out the idea, could a jury conclude that a distribution that occurred within a conspiracy occurred on the same occasion? I don't think you can say that. I think you have to agree that a jury could reasonably conclude that a distribution that occurred within the conspiracy occurred on the same occasion. I think that's clear. Thank you. All that gets you is eligibility, right? Yes. Exactly right. We're just – this is about eligibility. This is not about whether he's entitled to compassionate release. This is whether he's eligible for it. Ms. Buzicki, we'll hear from you. Thank you, Your Honor. And may it please the Court, counsel. Your Honor, I'll start with SLED, where this Court has focused much of its attention this morning. SLED is dispositive in this case, and the facts of Faulkner are even stronger than the facts of SLED. As the Court explained in SLED, there was a drug conspiracy involving three counties, Cole, Callaway, and Boone. And in SLED, the discrete narcotics conviction, separate from the conspiracy, was a sale in Boone County. So one of the counties that were the focus of the conspiracy count. In Faulkner, we have a conspiracy that exists primarily between Rochester, Minnesota, and Chicago, Illinois. And the arrest that's the focus of our argument today occurs in Minneapolis. And as the Court explained in its first opinion in Faulkner, the occasions, the distance, and the time involved a drug conspiracy spanning more than one year with separate arrests is enough to find that these are different occasions under the ACCA. But as Judge Loken has pointed out, this is a compassionate release matter. The judge could and did find that Faulkner could meet all of the eligibility criteria and still appropriately deny compassionate release. Since this Court has considered cases involving the new version of the compassionate release statute, it has emphasized the discretion that is afforded to sentencing courts over and over and over again. In Rod and in Vang, the Court talked and emphasized about the discretion that district courts must use. They must know their discretion and they must use it. And even the provision at issue in this appeal, subsection B6, talks about the individualized circumstances of the defendant. The district court considered all of those things. Indeed, the district court has considered them now six times, if you include the order on remand, and has determined that compassionate release is not appropriate. So guided by SLED and all of the cases that have come out since Stowell that talk about the availability of harmless error, there is no error, no abuse of discretion in the district court's opinions or orders denying compassionate release in this case. Harmless error is available, and to focus on Erlinger is a red herring. Harmless error is available in direct appeals. It is available, certainly, in compassionate release matters. Why do you say abuse of discretion if the judge was basing the ruling on a conclusion of harmlessness? Would we have to review that de novo? Your Honor, just to make sure I understand, you're asking if the judge's conclusion in the order on remand was an abuse of discretion? What do you mean by the order on remand? I mean the order that we're reviewing. Yes, Your Honor. In this case. In this case, that's correct, Your Honor. Because I understand that the judge denied the motion on the grounds that any Erlinger, I mean the Erlinger error was harmless beyond reasonable doubt. Correct, Your Honor. All right, all I'm asking you is, you were saying there was no abuse of discretion, and I'm saying wouldn't we review that de novo, the harmlessness conclusion of the judge? It's a complicated issue, Your Honor. This case has many layers. So again, we're guided by the fact that this is a compassionate release matter. So the question is, did the judge, do we give any deference to the judge's conclusion on harmlessness? Or do we just review it de novo? I see, Your Honor. Your Honor, in this case, the court should look at the entire issue as a question of abuse of discretion. The court may want to look at the issue of harmlessness de novo, but there again, Your Honor, the district court did not err. She looked at all of the factors that were available to her, and the many years of precedent in this case, and whether the court applies an abuse of discretion standard or a de novo standard, the conclusion would be the same. I didn't understand the judge to have said, even if the error was not harmless, I would still deny compassionate release for some other reason. She just said it was harmless error, so Erlinger doesn't help him and there's no reason to grant relief. Isn't that the gist of it? That's correct, Your Honor, although the district court did emphasize that this is something that is subject to the district court's discretion, and I believe quoted Rutherford in support of that. These decisions, compassionate release decisions, whether they are based on someone's medical conditions, their family circumstance, or even the provision at issue here, are still a matter for a district court to use its ample discretion to determine whether compassionate release is available. So, Your Honor, we respectfully ask that this court affirm the district court in all respects. Mr. Faulkner has now asked six times for compassionate release and the district court has been consistent in saying that compassionate release is not appropriate under the facts of his offense and on the history of his criminal conduct. This is a case where Erlinger, Wooden, or any other change in the law that could come along would not change the result here. The sentence imposed was appropriate when it was imposed and is appropriate today, and the court should affirm the district court in all respects. Unless the judges have any other questions for the government, we simply ask that the court affirm the district court's decision. Very well. Thank you for your argument. The case is submitted and the court will follow decision in due course. That concludes the argument session for this morning. The court will be in recess until 9 o'clock tomorrow.